Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Byers**, an individual, | Case No. **'16CV0904 H    DHB** |
| Plaintiff, | **Complaint for Damages** |
| v. | |
| **Credit One Bank, N.A.**, | Jury Trial Demanded |
| Defendant. | |

1. Matthew Byers ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Credit One Bank, N.A. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and under 28 U.S.C § 1367 for pendant state law claims.

Complaint—1

4. This action arises out of Defendant's violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant regularly transacts business here.

## Parties

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g).

7. Defendant is a national banking association operating from an address of 585 Pilot Road, Las Vegas, Nevada. Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

## Factual Allegations

8. Cal. Civ. Code §§ 1788.2(d), (e), and (f) similarly define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural person to another person and which is or was incurred primarily for personal, family, or household purposes.

9. Defendant alleges in its communications with Plaintiff that Plaintiff is responsible for credit card debt that is due or owing. Upon information and belief, Plaintiff alleges that this debt was incurred for personal, family, or household purposes and therefore meets the definition of a consumer debt under Cal. Civ. Code § 1788.2(f).

Complaint—2

10. Defendant's various communications with Plaintiff discussed in this Complaint all fall within the term "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

11. Plaintiff is a subscriber to cellular telephone services for a telephone number ending in 4231, where he received the calls from Defendant complained of herein.

12. Beginning no later than January 2, 2015, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff's cellular telephone number ending in 4231 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

13. This ATDS used by Defendant to call Plaintiff had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

15. The calls continued at least through October 22, 2015 and came virtually every day and often more than once per day. A list of the calls presently known to Plaintiff is set forth as Exhibit "A" to this Complaint and is incorporated herein by reference.

16. These calls were harassing, repetitive, and deliberately calculated to intrude on Plaintiff's privacy. Examples of the abusive pattern and practice of calling are:

17. In August 6 through August 31, 2015, Defendant called Plaintiff's cellular telephone number ending 4231 not less than 178 times, or an average of 6.84 times per day.

18. In September 2015, Defendant called Plaintiff's cellular telephone number ending 4231 not less than 315 times, and called every day except September 7.

19. From October 1 through October 22, 2015, Defendant called Plaintiff's cellular telephone number ending 4231 not less than 319 times, or an average of 14.5 times per day. Defendant called every day without exception during this period.

20. In total, Plaintiff received at least 995 calls from Defendant on his cellular telephone number ending 4231 through October 22, 2015. The calls continue to the present day and Plaintiff seeks discovery to determine the exact number and timing. Based on the call history, Plaintiff conservatively estimates that well in excess of 2,000 calls have been placed by Defendant to his cellular telephone number ending 4231.

21. None of the calls were made with Plaintiff's express consent.

22. Each of the calls were made by Defendant or a third party acting on its behalf and under its control using telephone equipment that meets the definition of an "automatic telephone dialing system" under the TCPA.

23. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continue without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

24. At various times, Defendant programmed its telephone dialing system to show as the incoming caller ID number telephone numbers in the 619, 858, and 760 area codes.

25. Upon information and belief, Plaintiff alleges that Defendant has no call center in the 619, 858, or 760 area code and instead used false and

Complaint—4

misleading caller ID information in a calculated effort to increase the rate at which Plaintiff and other consumers would answer Defendant's collection calls.

26. Plaintiff on numerous occasions did answer Defendant's collection calls when showing a 619, 858, or 760 caller ID area code, believing it to be a friend or relative.

27. When Defendant began employing false and deceptive caller ID information for its incoming calls, Defendant tricked Plaintiff into answering many calls he did not intend to take, causing increased telephone charges.

28. Plaintiff also began to ignore or send to voice mail many incoming calls from numbers he did not recognize, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, he missed many important communications from friends and family.

29. Plaintiff's cellular telephone number ending in 4231 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

30. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide prior express consent to receive calls or messages placed utilizing an ATDS, as required by 47 U.S.C. § 227 (b)(1)(A).

32. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

33. Additionally, Defendant used an artificial and/or pre-recorded voice to make calls to Plaintiff's cellular telephone, which is a separate and independent violation of the TCPA and makes Defendant liable for additional statutory damages.

34. Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number,

Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

35. Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

36. Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

37. Each of the above-described practices and conduct outlined in the preceding paragraphs also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

38. Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

39. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of his personal and professional life.

40. The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life, including his relationships with close family members.

## First Claim for Relief

### Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Within a four-year period immediately preceding this action, Defendant made more than 2,000 calls to Plaintiff's cellular telephone service using an automatic telephone dialing system and/or an artificial or prerecorded voice in violation of the TCPA.

43. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

44. Defendant did not have prior express consent from Plaintiff to use an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's cellular telephone.

45. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

## Second Claim for Relief

## RFDCPA — Cal. Civil Code §§ 1788-1788.32

48. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

49. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

50. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

## Third Claim for Relief

## Negligence

51. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

52. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff with regard to the manner of debt collection practices.

53. Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

54. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

55. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

56. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

### Fourth Claim for Relief

### Invasion of Privacy

57. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

58. Plaintiff had an objectively reasonable expectation of privacy at home, at work, and when conducting his daily affairs, to expect that he would not be subject to a dozen or more phone calls every day for months at a time. Defendant's unrelenting campaign of harassment by placing more than two thousand repeated phone calls intruded into this reasonable expectation of privacy.

59. The frequency and cumulative volume of Defendant's phone calls were received in a manner that would be highly offensive to a reasonable person in the same or similar circumstances.

### Jury Trial Demand

60. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

### Prayers for Relief

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1. An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;

2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;
4. General, special, and punitive damages according to proof;
5. Costs of litigation and reasonable attorneys' fees;
6. Such other and further relief as the Court may deem just and proper

Dated:   April 14, 2016          Ankcorn Law Firm, PC

/s/ Mark Ankcorn

Attorneys for Plaintiff

Complaint—10